**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON**

UNITED STATES OF AMERICA,

      Plaintiff,

v.           CASE NO.  2:07-CR-00074-1

DONALD R. KISER,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendant's Motion to Transfer, filed on April 29, 2009 [Docket 144].  This action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  On May 8, 2009, the Magistrate Judge submitted proposed findings and recommended that the court deny the petitioner's Motion to Transfer [Docket 146].  On May 21, 2009, the petitioner, Mr. Kiser, filed written objections to the Magistrate Judge's findings of fact and recommendation ("PF&R") [Docket 149].  Mr. Kiser filed additional objections to the PF&R on June 5, 2009 [Docket 152].

I have reviewed *de novo* those portions of the PF&R to which Mr. Kiser objects.  *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  For the reasons set forth below, the court **ADOPTS** the Magistrate Judge's proposed findings and **DENIES** the petitioner's motion.

**I. Background**

Mr. Kiser's motion concerns the location of his incarceration.  At Mr. Kiser's sentencing hearing, I recommended that he be confined as close to his home in Parkersburg, West Virginia, as the Federal Bureau of Prisons ("BOP")  found appropriate and also in the lowest level security facility that the BOP found appropriate.  The BOP subsequently placed Mr. Kiser at the federal prison in Fort Dix, New Jersey.  Mr. Kiser requests that he be transferred to a facility in Inez, Kentucky, Ashland, Kentucky, or a facility in West Virginia because Ft. Dix, New Jersey is too far away from his home for his family to visit him.  Mr. Kiser claims he has pursued administrative relief to no avail.

Upon reviewing Mr. Kiser's motion, Magistrate Judge Stanley found his request meritless. First, Magistrate Judge Stanley noted that no federal statute or rule recognizes a motion to transfer. Therefore, the appropriate procedural course for Mr. Kiser is to file an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the district of incarceration after exhausting the administrative remedies set forth in 28 C.F.R. § 542.10.  Second, Magistrate Judge Stanley maintained that the BOP has the responsibility and authority to decide where a prisoner is incarcerated.  She explained that a judge's recommendation merely has the weight of a recommendation, not an order.  Additionally, she observed that a prisoner does not have any legal right to confinement in a particular facility.  Accordingly, Magistrate Judge Stanley recommended that I deny Mr. Kiser's motion.

Mr. Kiser objects to Magistrate Judge Stanley's report for several reasons.  First, he asserts that the United States Supreme Court cases cited by Magistrate Judge Stanley to support the position that prisoners do not have a legal right to confinement in a particular facility only apply to state prisoners, not federal prisoners.  Second, he claims that his confinement in Fort Dix, New Jersey

violates a liberty interest secured by the Fourteenth Amendment to the United States Constitution because the separation from his family constitutes a grievous loss.  He also claims that his confinement so far from his home is a qualitative change in his confinement, which also violates his Fourteenth Amendment liberty interest.  Additionally, Mr. Kiser asserts that he is being held in a low security prison instead of a minimum security prison.  Mr. Kiser also presents anecdotal evidence that judges do have authority to transfer prisoners.

## II. Analysis

Under 18 U.S.C. § 3621(b), the BOP has the authority to decide where to confine a prisoner. The prison does not have to be in the judicial district in which the prisoner was convicted as long as it is appropriate.  The statute allows the BOP to consider the recommendations of the sentencing court in making its determination, but the court's recommendations are simply one of several factors that the BOP must take into account.  *See* 18 U.S.C. § 3621(b).

Mr. Kiser is incorrect in asserting that the cases cited by Magistrate Judge Stanley in support of her findings concern only state prisoners, not federal prisoners.  For instance, in *Olim v. Wakinekona*, which is one of the cases cited by Magistrate Judge Stanley, the Supreme Court analogizes the situation concerning the plaintiff, a state prisoner, to similar situations involving federal prisoners.  461 U.S. 238, 246 (1983).

Mr. Kiser's objections based on a Fourteenth Amendment liberty interest are also meritless. Specifically, his reliance on *Vitek v. Jones*, 445 U.S. 480 (1980), is misplaced.  The Supreme Court in *Vitek* held that the involuntary transfer of a prisoner from a prison to a mental health facility constituted a "major change in the conditions of [his] confinement" and qualified as a grievous loss to the inmate.  *Id.* at 488.  The liberty interest recognized by the Supreme Court concerned commitment to a mental institution, not a higher security prison, and was rooted in state law.  *Id.*

-3-

The difference between a prison and a mental health facility is a far greater disparity than the difference between a minimum security prison and a low security prison.  Mr. Kiser has identified no statutory basis for the alleged liberty interest in being placed in a minimum security prison. Therefore, *Vitek* is not applicable to the instant case.

Mr. Kiser's argument that he should be held in a minimum security facility instead of a low security facility is meritless because the BOP has the discretion to confine prisoners in facilities that are appropriate.   Whether a low security facility is an appropriate location for Mr. Kiser's incarceration falls under the BOP's purview.

Finally, Mr. Kiser's anecdotal argument that I do, in fact, have the power to transfer him to a prison closer to his home carries no legal weight and is also meritless.

To be plain, I do not have the authority to grant Mr. Kiser's request and order the BOP to transfer him to another facility.

## III. Conclusion

For the reasons discussed above, the court **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge [Docket 146], and **DENIES** Mr. Kiser's motion.  The court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Stanley, counsel of record, and any unrepresented party.

ENTER:      June 15, 2009

Joseph R. Goodwin, Chief Judge

-4-